IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| LAMONT McKELLER, | HONORABLE ROBERT B. KUGLER |
| --- | --- |
| Petitioner, | |
| v. | Civil Action No. 16-3585 (RBK) |
| UNITED STATES OF AMERICA, | |
| Respondent. | OPINION |

APPEARANCES:

LISA EVANS LEWIS, ESQ.
OFFICE OF THE FEDERAL PUBLIC DEFENDER
800-840 Cooper Street, Suite 350
Camden, New Jersey 08053
Attorney for Petitioner

GABRIEL JOHN VIDONI, ESQ.
GLENN J. MORAMARCO, ESQ.
UNITED STATES ATTORNEY'S OFFICE
401 Market Street, 4th Floor
Camden, New Jersey 08101
Attorneys for Respondent

**Kugler, District Judge:**

**I. INTRODUCTION**

Lamont McKeller ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (Petition [Docket Item 1]; United States v. McKeller, No. 01-cr-0105-1 (D.N.J. June 28, 2002).) Respondent United States of America ("Respondent") opposes the motion. [Docket Item 4.] Petitioner did not file a traverse. For the reasons stated herein, the Court will

dismiss the motion as time-barred, and no certificate of appealability will issue.

**II. BACKGROUND**

Petitioner was indicted on one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, (Indictment [Docket Item 1] in Crim. No. 01- 0105-1), concerning the robbery of a PNC Bank in Evesham Township, New Jersey in April 2000.

Petitioner entered into a plea agreement with the United States on March 8, 2002. (Plea Agreement [Docket Item 27] in Crim. No. 01- 0105-1.) The plea agreement contained certain stipulations by the parties, including that an increase of 3 levels was warranted as a dangerous weapon was brandished during the robbery, U.S.S.G. § 2B3.1(b)(2)(E). (Id.)

Petitioner appeared before the late Honorable Jerome B. Simandle, D.N.J., with counsel to plead guilty on March 8, 2002. At that time, Petitioner submitted an Application for Permission to Enter Plea of Guilty. (Rule 11 Form [Docket Item 27] in Crim. No. 01-0105-1.)

The parties next appeared before Judge Simandle for sentencing on June 28, 2002. At that time, the Court found that Petitioner had a criminal history level of VI and offense level of 29, resulting in a Guideline range of 151-188 months. The Court imposed a sentence of 151 months, 41 months of which were to be served concurrently with an unrelated conviction from the State of

Delaware. United States v. McKeller, No. 01-cr-0105-1 (D.N.J. June 28, 2002). Petitioner appealed his sentence to the Court of Appeals for the Third Circuit. United States v. McKeller, No. 02-2902 (3d Cir. filed July 8, 2002). The Court of Appeals dismissed the appeal on March 14, 2003, for lack of jurisdiction. 63 F. App'x 599 (3d Cir. 2003).

Petitioner filed the instant motion to correct, vacate, or set aside his sentence on June 20, 2016. [Docket Item 1.] Respondent answered on March 26, 2018. [Docket Item 4.] Petitioner did not file a traverse or otherwise respond to the answer.

### III. ANALYSIS

In his motion, Petitioner argues his sentence violates the Constitution because the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), found the residual clause in the Armed Career Criminal Act ("ACCA") to be constitutionally void for vagueness. [Docket Item 1.] Petitioner further argues that his sentence was impacted by his designation as a "career offender" under the mandatory Sentencing Guidelines, which contained a clause identical to that found unconstitutional in Johnson. [Id.]

Respondent argues the motion should be denied because Petitioner has suffered no prejudice as a result of his designation as a career offender, because the motion is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

3

because the motion is barred by the Teague[1] retroactivity standard, and because the motion is procedurally defaulted. [Docket Item 4.] It further argues Petitioner has not established that Johnson's reasoning applies in a mandatory Sentencing Guidelines case and that Petitioner is wrong to assert that robbery is not a crime of violence under the elements clause and as an enumerated offense. [Id.]

A district court is required to conduct an evidentiary hearing "where a petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record . . . ." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (internal quotation marks omitted). The Court finds that an evidentiary hearing is not warranted as the record conclusively shows Petitioner is not entitled to relief.

## A. Statute of Limitations

AEDPA imposes a one-year statute of limitations for filing motions pursuant to § 2255. Under § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Teague v. Lane, 489 U.S. 288 (1989).

4

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Respondent argues the motion is untimely. The Court agrees, and the motion must therefore be dismissed.

"[A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (internal quotation marks omitted); see also Greene v. Palakovich, 606 F.3d 85, 91 (3d Cir. 2010), aff'd sub nom Greene v. Fisher, 132 S. Ct. 38 (2011). In this case, Petitioner did not file a petition for certiorari, and his time to do so expired on June 12, 2003, 90 days after the Third Circuit dismissed his appeal on March 14, 2003. Petitioner had until June 12, 2004, to file a timely § 2255 motion. Petitioner did not file

the present motion until June 20, 2016, over twelve years late. As a result, his motion is untimely and must be dismissed.[2]

Petitioner argues that, because of Johnson, his instant federal bank robbery charge, and his May 11, 1995 and August 24, 2001 convictions for robbery no longer qualify as "crimes of violence," rendering the career offender provision inapplicable. ([Docket Item 1], 10-19.) Petitioner's judgment of conviction became final in 2003, but the present § 2255 motion was filed within one year of Johnson, (see [Docket Item 1], filed June 20, 2016); Johnson, 135 S. Ct. at 2551 (decided June 26, 2015)), so he relies on § 2255(f)(3) in this motion. ([Docket Item 1], 2.) Determining that Petitioner's motion should be denied as time-barred requires an analysis of Johnson and subsequent cases.

In Johnson, the Supreme Court ruled that the residual clause of the ACCA was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. The next year, the Supreme Court determined that Johnson was retroactively applicable on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264 (2016). The residual clause of the

---

[2] AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Petitioner did not file a traverse objecting to Respondent's timeliness argument, nor has Petitioner contacted the Court since June 20, 2016. [Docket Item 1.] As the motion does not set forth any facts that would entitle Petitioner to equitable tolling, and Petitioner has not supplied the Court with any in response to the timeliness argument raised by Respondent, the Court finds no basis for equitable tolling exists.

ACCA is identical to the residual clause of the career offender provision of the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Nevertheless, the Supreme Court in Beckles held that Johnson did not create a new right as to the residual clause of the Sentencing Guidelines in their advisory form (i.e., post-United States v. Booker, 543 U.S. 220 (2005)). Beckles, 137 S. Ct. at 890. Beckles did not address Johnson's effect on a void-for-vagueness challenge to the Sentencing Guidelines in their mandatory (pre-Booker) form. See id. at 903 n.4 (Sotomayor, J., concurring).

The Third Circuit addressed that issue in United States v. Green, 898 F.3d 315 (2018). In that case, the petitioner made the same argument as Petitioner here as to the timeliness of his § 2255 motion. See Green, 898 F.3d at 317-18. The Court noted that, "in light of Beckles, Johnson's holding as to the residual clause in the ACCA created a right only as to the ACCA, and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines." United States v. Green, 898 F.3d 315, 321 (3d Cir. 2018). Because Beckles "says nothing about a . . . right to not be sentenced under Sentencing Guidelines, whether advisory or mandatory," the Green Court held that "Johnson did not recognize a right to bring a vagueness challenge to the mandatory Sentencing Guidelines." Id. Since Beckles specifically left that question open, the Supreme Court

7

"certainly has not 'recognized' the right to bring a successful vagueness challenge to the mandatory Guidelines' residual clause." Id. Therefore, the petitioner's motion in Green was untimely. Id.

Here, Petitioner makes the same argument as the petitioner in Green. Since that argument has now been squarely addressed and rejected by the Third Circuit in Green, Petitioner "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." Green, 898 F.3d at 321. Therefore, Petitioner's motion is dismissed as time-barred.

**B. Certificate of Appealability**

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000) (emphasis added). This Court denies a certificate of appealability because jurists

of reason would not find it debatable that dismissal of the petition as untimely is correct.

IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is dismissed as untimely under 28 U.S.C. § 2255(f). No certificate of appealability shall issue. An accompanying Order will be entered.

September 15, 2019
Date

Robert B. Kugler
United States District Judge